UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ARTHUR RATHBURN,

Defendant.
_____________________________/

Case No. 1:23-pt-16

Hon. Hala Y. Jarbou

# ORDER

In a judgment entered on June 1, 2018, the U.S. District Court for the Eastern District of Michigan sentenced Defendant to a prison term of 108 months on Counts 1, 2, 3, and 6 through 9, and 60 months on Count 10, all counts to be served concurrently, followed by three years of supervised release on each count, all counts to run concurrently. (Judgment, ECF No. 4-2.) Defendant commenced supervised release in the Eastern District of Michigan on January 9, 2023, and he commenced supervised release in this district on May 26, 2023. (Order Accepting Transfer of Jurisdiction, ECF No. 3.) Before the Court is Defendant's motion for early termination of his supervised release. (Def.'s Mot., ECF No. 10.)

Defendant argues that he has completed all but five months of his supervised release term, complied with the terms and conditions set forth by the Court, pursued opportunities for professional growth, and established strong community ties. He requests that, given his compliance and commitment to rehabilitation, the Court terminate his term of supervised release. (*Id.*)

Due to the underlying offense conduct, which demonstrates that Defendant previously exposed the public to a serious risk of harm and which was potentially dangerous, the government opposes early termination at this time. (Gov't's Resp., ECF No. 13.)

A court can terminate a term of supervised release after considering the factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), if the court finds that such action is "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). These factors include the nature and circumstances of the offense and the history and characteristics of the defendant; whether the sentence imposed afforded adequate deterrence to criminal conduct; any need to provide the defendant with training, medical or other correctional treatment; the sentence imposed and the sentence range; the need to avoid sentence disparities; and restitution to victims. The decision to terminate the remaining term of supervised release falls within the court's discretion. *United States v. Spinelle*, 41 F.3d 1056, 1059 (6th Cir. 1994). This decision involves weighing the § 3553(a) factors against the seriousness of Defendant's original offense. *United States v. Robinson*, 892 F.3d 209, 215 (6th Cir. 2018).

As the moving party, the defendant bears the burden of establishing a basis for early termination of supervised release. *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006). Compliance with the terms and conditions of supervised release is a necessary but not sufficient reason for a court to grant a motion for early termination. *See United States v. Seger*, 577 F. App'x 1, 1 (1st Cir. 2014) (per curiam); *United States v. Sam*, No. 16-cr-184, 2018 WL 836055, at *1 (S.D.N.Y. Feb. 12, 2018). Normally, "a defendant must show something 'of an unusual or extraordinary nature' in addition to full compliance." *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (quoting *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003)).

The statute itself requires an assessment of both "the conduct of the defendant" on supervision, and "the interest of justice." 18 U.S.C. § 3583(e); *see also United States v. Suber*, 75 F. App'x 442, 443-44 (6th Cir. 2003). The Court must consider again the § 3553 factors weighed at the original sentencing decision. 18 U.S.C. § 3583(e).

After considering the relevant factors, the Court finds that termination of supervised release is not warranted. Defendant has completed over two years of his three-year supervised release term. He has maintained a stable residence and is currently receiving disability. (Gov't's Resp. 5.) He has done well under supervision. (*Id.*) However, Defendant has not demonstrated any unusual or extraordinary cause to terminate supervision beyond mere compliance. Defendant has not met his burden to demonstrate why early termination would be appropriate. The seriousness of his original offense renders Defendant's mere compliance with the supervised release terms insufficient to warrant early termination.

Accordingly,

**IT IS ORDERED** that Defendant's pro se motion for early termination of supervised release (ECF No. 10) is **DENIED**.

Dated: September 11, 2025

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE